IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| J3 ENERGY GROUP, INC., | : | BANKRUPTCY NO.: 5-14-bk-00532-JJT |
| DEBTOR | : | |
| WILLIAM G. SCHWAB, AS CHAPTER 7 TRUSTEE OF J3 ENERGY GROUP, INC., | : | {**Nature of Proceeding**: Plaintiff's Motion for Summary Judgment (Doc. #9)} |
| PLAINTIFF | : | |
| vs. | : | |
| APPLIED ENERGY PARTNERS, LLC, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-16-ap-00153-JJT** |

# OPINION[1]

Pending before me is a Motion for Summary Judgment filed by William G. Schwab, as Chapter 7 Trustee of J3 Energy Group, Inc. against the Defendant, Applied Energy Partners, LLC. The Court has reviewed the Motion, as well as the documents in support and in opposition to the Motion filed thereto, and finds the Motion should be denied. The Court finds the better course to follow would be to proceed with a trial on the issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 9 L.Ed.2d 202 (1985).

The Amended Complaint raises allegations to avoid and recover alleged unauthorized post-petition transfers pursuant to 11 U.S.C. § 549(a), with said transfers being recoverable for the benefit of the estate pursuant to § 550(a) of the Bankruptcy Code. The second Count of the

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2017\5-16-ap-00153-JJT_J3_Energy_Group.pdf]

Amended Complaint requests the Court, to the extent the Defendant holds a claim against the estate, to disallow said claim pursuant to 11 U.S.C. § 502(d) because the Defendant has failed to return transfers made by the estate to the Defendant or pay the value of said transfers to the Trustee. The gravamen of the Amended Complaint is that the Defendant did work on behalf of the Debtor as a manager, consultant, or other professional but did not obtain the necessary approval from this Court, pursuant to 11 U.S.C. § 327(a).

Local Rule of Bankruptcy Procedure 7056-1 makes applicable to Motions for Summary Judgment, Local Rule 56-1 of the United States District Court for the Middle District of Pennsylvania. Pursuant to LR 56-1, a Motion for Summary Judgment should be accompanied by "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." For purposes of this Opinion, I assume that numbered paragraphs 3 through 14 under the title of "Statement of Relevant Undisputed Facts" are the Plaintiff's separate, short and concise statement of material facts as to which the Plaintiff contends there is no genuine issue to be tried. The Defendant, in its response to the Motion for Summary Judgment, disputed the facts alleged in paragraphs 9, 11, and 12, advancing that services rendered "were not in the nature of professional services." While the Defendant failed to file a brief opposing the Motion for Summary Judgment as directed by LR 7.6 (Submission of Briefs Opposing Motions), the Court, nonetheless, finds that the Defendant's response has raised substantial disputes as to material facts; namely, the characterization of the specific nature of services rendered by the Defendant to the Debtor and also the characterization of the payments made post-petition by the Debtor to the Defendant.

It is for all these reasons that Plaintiff's Motion for Summary Judgment is denied. Trial

on the merits is currently scheduled for **MAY 23, 2017**, at **9:30** o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: February 24, 2017